RECEIVED
APR 1 3 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| WARRIOR ENERGY SERVICES, CORP. | CIVIL ACTION NO. 6:09-0136 |
| VERSUS | JUDGE DOHERTY |
| TEXAS SERVICE INDUSTRIES, LLC | MAGISTRATE JUDGE |

### MEMORANDUM RULING

Currently pending before the Court is a Motion to Stay, filed by defendants, Texas Service Industries LLC and Roger Markwardt ("TSI,"), wherein defendants seek a stay of this case pending the resolution of a lawsuit defendants filed in a Texas state court. [Doc. 11] In the motion, defendants state TSI filed suit against Superior Energy Services, LLC ("Superior") in the 274th Judicial District Court of Comal County, Texas ("the Texas suit") on December 29, 2008. [Doc. 11, p.1] (Superior is the parent corporation of Warrior Energy Services ("Warrior"), the plaintiff in the suit pending before this Court.) [Doc. 15-2, ¶ 4; *see also* Doc. 11, ¶ 2; 11-1, p.1] According to defendants, Superior "was served with citation in the 1st Suit [*i.e.* the Texas suit] on January 14, 2009." [Doc. 11, p.1] On January 27, 2009, Warrior filed the present suit ("federal suit") with this Court. [Id.] However, defendants state they were not served with the federal suit until March 2, 2009. On February 11, 2009 (after the filing of the federal suit, but before service of that suit on defendants), TSI amended the Texas suit, adding Warrior as an additional defendant. [Id. at 1-2][1]

---

[1] In its original petition in the Texas suit, TSI only (and not Roger Markwardt) filed claims against a former employee and his new employer (a TSI competitor) for: (1) breach of fiduciary duty by the former employee; (2) misappropriation of trade secrets by the former employee; and (3) tortious interference with contracts by both the former employee and TSI's competitor. Additionally, the petition asserted one claim against Superior, entitled "Declaratory Action as to Superior," wherein TSI stated, "Plaintiff requests that the Court declare that Plaintiff's potential liability to Defendant Superior has been

On March 6, 2009, Superior filed a motion to sever and stay the claims asserted by TSI against Warrior and Superior in the Texas suit. [Doc. 19-2] The judge denied the motion, finding "the present suit was filed before ... [the federal suit], that an inherent interrelation of the subject matter exists in two pending lawsuits, and that Defendant's Motions should be DENIED...." [Doc. 17-4]

Defendants now seek a stay of the case pending before this Court, arguing "[t]he 1st Suit [*i.e.* the Texas suit] involves the exact same claims, issues and contracts as does this later filed [federal] suit." [Doc. 11, p.1] TSI further states, relying in part upon arguments made by Superior in the Texas suit:

> ***This issue has already been briefed, argued and decided and the finding was adverse to Warrior....***
>
> ... The principles of *res judicata* and comity dictate that this suit be stayed until the 1st Suit is fully resolved.

[Doc. 11, p.2 (emphasis in original)] Plaintiff opposes the motion, arguing the *Colorado River* doctrine prohibits the entry of a stay of this proceeding. [Doc. 15, pp. 4-10]

### Applicable Law

"A district court's decision to enter a permanent stay is governed by *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)." *Stewart v.*

---

"Plaintiff requests that the Court declare that Plaintiff's potential liability to Defendant Superior has been released and discharged, and in the alternative, is the responsibility of CVA [TSI's competitor] and Giaccobe [TSI's former employee]" [Doc. 15-1, p.4, ¶ 6] TSI subsequently filed its amended petition, which reasserted all previously filed claims, save and except the claim for declaratory relief against Superior. TSI added one new claim in its amended petiton, namely, "Breach of Contract as to Warrior and Superior." [Doc. 15-2, p.4, ¶ VI]

The complaint in this matter filed by Warrior asserts claims against TSI and Markwardt for: (1) breach of contract; (2) fraud; (3) detrimental reliance; and (4) payment of a thing not due/unjust enrichment. [Doc. 1]

*Western Heritage Insurance Company*, 438 F.3d 488, 491 (5th Cir. 2006). "*Colorado River* applies when suits are parallel, having the same parties and the same issues." *Id.* "A court may abstain from a case that is part of parallel, duplicative litigation typically only under 'exceptional' circumstances." *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002)(quoting *Colorado River* at 818). The Supreme Court has identified six factors to consider in determining whether "exceptional circumstances" exist, such that a federal court may abstain out of deference to a pending state court proceeding:

> 1) assumption by either court of jurisdiction over a res, 2) relative inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the order in which jurisdiction was obtained by the concurrent forums, 5) to what extent federal law provides the rules of decision on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Stewart* at 491 (quoting *Kelly Inv., Inc.* at 497). "The decision of whether to abstain 'does not rest on a mechanical checklist' of these factors, but rather 'on a careful balancing of [them] as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Kelly Inv., Inc.* at 497-98 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

## Analysis

Defendants argue the federal and state court proceedings are parallel; plaintiff argues they are not. However, because this Court finds abstention is prohibited by *Colorado River*, it need not resolve the issue of whether or not the proceedings are parallel. *Stewart v. Western Heritage Insurance Company*, 438 F.3d 488, 493 (5th Cir. 2006).

1. **Assumption By Either Court of Jurisdiction Over a Res**

Both parties agree no *res* is involved in this matter. [Doc. 15, p.7; Doc. 19-1, p.3]

Accordingly, this factor supports exercising federal jurisdiction. *Stewart* at 492, n.4.

### 2. Relative Inconvenience of the Forums

This factor "should be analyzed as to 'whether the inconvenience of the federal forum is so great' that abstention is warranted." *Kelly Inv., Inc.* at 498 (quoting *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th cir. 1988)). In examining this factor, a court is not to consider the inconvenience of requiring the witnesses to travel to two separate proceedings (*i.e.* Texas and Louisiana), as that "possibility is present whenever there are concurrent federal and state proceedings." *Kelly Inv., Inc.* at 498 (citing *New Orleans Public Serv., Inc. v. Council of New Orleans*, 911 F.2d 993, 1005, n.8 (5th Cir. 1990)).

In this matter, TSI and its witnesses and exhibits are located in Texas, and therefore, Texas will be a more convenient forum for defendants. On the other hand, Warrior is located in Louisiana and the majority of its witnesses and exhibits are located in the Western District of Louisiana. Thus, Louisiana will be a more convenient forum for plaintiff. Both parties apparently do business in both states, as evidenced by the fact they are suing one another for breach of contract.[2] As stated in *Kelly Inv., Inc.* (and equally applicable in this matter), "Overall, the inconvenience of Louisiana is not 'so great,' *Evanston*, 844 F.2d at 1192, for both the evidence and witnesses that abstention is warranted." *Id.* at 498.

### 3. Avoidance of Piecemeal Litigation

As stated in *Stewart*:

---

[2] According to the Complaint filed in this matter, "During a course of dealing that has lasted for several years, Warrior developed a business relationship with TSI." [Doc. 1, ¶ 7] When Warrior "became aware that business difficulties TSI was experiencing had significantly interfered with its handling of the fluid pump projects," it "began investigating this matter (including a site visit to the manufacturing facility and several meetings with TSI management)...." [Id. at ¶¶ 14, 15]

> The pendency of an action in state court does not bar a federal court from considering the same matter. *Bank One, N.A.*, 288 F.3d at 185. While duplicative litigation is permitted, *Colorado River* prevents "piecemeal litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property." *Black Sea Inv. v. United Heritage Corp.*, 204 F.3d 647, 650-51. Again, no property is at issue in this case. The potential, however, does exist for some piecemeal litigating as the state court is the only forum hearing the breach of fiduciary duty claims and claims against Dunn. For the remaining issues, a plea of *res judicata* after the completion of one suit could eliminate the problem of inconsistent judgments. *Kelly Inv.*, 315 F.3d at 498. Nonetheless, as the litigation presently exists, the third factor favors abstention.

*Id.* at 493; *see also Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988)("The prevention of duplicative litigation [as opposed to piecemeal litigation] is not a factor to be considered in an abstention determination.")

As in *Stewart*, no property is at issue in this case. Also like *Stewart*, the potential does exist for some piecemeal litigation, as the Texas court is the only forum hearing the claims against Giaccobe (TSI's former employee) and Cryogenic Vessel Alternative, LP (TSI's competitor and Giaccobe's current employer). However, as to the claim for breach of contract, "a plea of *res judicata* after the completion of one suit could eliminate the problem of inconsistent judgments."[3] *Id.* Finally, like *Stewart*, "Nonetheless, as the litigation presently exists, the third factor favors abstention."[4] *Id.*

---

[3] Presumably, the same logic applies to the remaining claims before this Court (*i.e.* fraud, detrimental reliance, and payment of a thing not due/unjust enrichment), and a plea of *res judicata* after the completion of one suit could eliminate the problem of inconsistent judgments. However, as this Court does not have a copy of all pleadings in the Texas litigation, the Court is unaware whether or not Warrior filed a counterclaim against TSI for fraud, detrimental reliance, and payment of a thing not due/unjust enrichment.

[4] The Court notes defendants analyze this factor of the *Colorado River* abstention doctrine as follows: "There does not seem to be a danger of piecemeal litigation. This factor is neutral." [Doc. 19-1, p.4] Nothing more is stated. Accordingly, it appears defendants are unconcerned with the potential for piecemeal litigation.

4.     **The Order in Which Jurisdiction Was Obtained By the Concurrent Forums**

"The inquiry under this factor is 'how much progress has been made in the two actions.'" *Stewart* at 492 (quoting *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999)). Furthermore, the Fifth Circuit "has suggested that this factor only favors abstention when the federal case has not proceeded past the filing of the complaint." *Id.* (citing *Murphy* at 738); *see also Colorado River* at 820 ("we also find significant ... the apparent absence of any proceedings in District Court, other than the filing of the complaint, prior to the motion to dismiss...."). In this matter, a scheduling order has issued and trial is set for December 16, 2010. A Rule 26(f) report has been filed, and a Rule 16 conference has been held. The deadline for Joinder of Parties and Amendment of Pleadings, as well as the Phase I Discovery Deadline, have both passed. The Court is unaware whether or not the foregoing activities have taken place in the Texas litigation.[5] Accordingly, the Court finds this factor favors federal jurisdiction.

5.     **To What Extent Federal Law Provides the Rules of Decision on the Merits**

"[T]he presence of state law issues weighs in favor of surrender only in rare circumstances." *Stewart* at 493 (quoting *Black Sea Inv., Ltd. V. United Heritage Corp.*, 204 F.3d 647, 651 (5th Cir. 2000)). As in *Stewart*: "This case involves only issues of state law as it is being heard by the court under its diversity jurisdiction. Nonetheless, the Appellee has failed to show that 'rare circumstances' exist. Therefore, this factor is 'at most neutral.'" *Id.* (quoting *Black Sea Inv.* at 651). As defendants have failed to show this case involves anything other than ordinary contractual issues

---

[5]According to defendants, at the time they filed their reply memorandum, the following activities had taken place in the Texas litigation: "disclosures have been exchanged, Superior has been served with and has responded to requests for production, and Warrior was served with requests for production on April 24, 2009." [Doc. 19-1, p.4] Additionally, defendant asserts "written discovery has been virtually completed by TSI." [Id.]

- much less that "rare circumstances" exist - this factor is "at most neutral."[6]

### 6. The Adequacy of the State Proceedings in Protecting the Rights of the Party Invoking Federal Jurisdiction

Plaintiff does not argue that the Texas state court would not adequately adjudicate this case. Accordingly, this is a neutral factor. *Stewart* at 493 (citing *Black Sea* at 651).

### Conclusion

With the exception of the factor considering "piecemeal litigation," all of the *Colorado River* factors weigh against abstention or remain neutral. Because the Court must balance the factors in favor of the exercise of jurisdiction, abstention in this case is inappropriate. The facts in this matter do not overcome the "extraordinary and narrow exception" to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River* at 814, 817. Accordingly, the motion to stay [Doc. 11] is DENIED.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___13___ day of April, 2010.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[6]Defendants entire analysis of this factor is stated as follows:

> The case, whether it is in Texas or in Louisiana, is solely governed by State law. There are no federal law issues. The basis of jurisdiction in the Federal Court in Louisiana is diversity, not a federal question. This factor supports abstention.

[Doc. 19-1, p.4] No legal authority is cited in support of defendants' argument.